# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RACQUEL LEWIS,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | **Civil Action No.** |
| : | **22-3207** |
| **DMH INVESTMENTS LLC and CITY OF** : | |
| **PHILADELPHIA OFFICE OF** : | |
| **HOMELESS SERVICES** : | |
| : | |
| **Defendants.** : | |
| : | |

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of Defendant City of Philadelphia's Motion to Dismiss for Failure to State a Claim, and any response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED.** Plaintiff's Complaint is **DISMISSED** in its entirety as to Defendant City of Philadelphia.

BY THE COURT:

_____
JOHN R. PADOVA, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACQUEL LEWIS,<br><br>       Plaintiff,<br>v.<br><br>DMH INVESTMENTS LLC and CITY OF PHILADELPHIA OFFICE OF HOMELESS SERVICES<br><br>       Defendants. | :<br>:<br>:<br>:<br>:   Civil Action No.<br>:   22-3207<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant City of Philadelphia (named in the Complaint as "City of Philadelphia Office of Homeless Services") (hereinafter "the City"), hereby files this Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this Motion, the City incorporates the attached Memorandum of Law. The City respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety as to the City.

Date: August 17, 2022

Respectfully submitted,

/s/ Adam R. Zurbriggen
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
adam.zurbriggen@phila.gov

*Attorney for Defendant City of Philadelphia*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RACQUEL LEWIS,** | : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | :    **Civil Action No.** <br> :    **22-3207** |
| **DMH INVESTMENTS LLC and CITY OF PHILADELPHIA OFFICE OF HOMELESS SERVICES** | : <br> : <br> : <br> : |
| **Defendants.** | : <br> : |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF PHILADELPHIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

Defendant City of Philadelphia (named in the Complaint as "City of Philadelphia Office of Homeless Services") (hereinafter "the City"), submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. As discussed below, the Complaint lacks nonconclusory allegations supporting Plaintiff Racquel Lewis's claims that the City violated her federal constitutional rights. Accordingly, the Complaint should be dismissed in its entirety as to the City, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

According to her *pro se* Complaint, Plaintiff Racquel Lewis was a resident of a homeless shelter associated with the City's Office of Homeless Services ("OHS") "from January 2020-March 2021." Compl., ECF No. 1-1, at 16.[1] Plaintiff generally alleges that during

---

[1] This Memorandum cites to Plaintiff's Complaint as paginated by the Court's CM/ECF Docketing system.

her time at the shelter, she had a number of negative interactions with staff and other residents. *See generally id.*[2] For example, Plaintiff alleges that a case manager "called [her] 'crazy' on more than one occasion." *Id.* Plaintiff also alleges she was "singled out," in that she was "called names, weekend passes were prohibited, transportation passes were not received, furniture assistance was withheld," and that "employment resources were withheld." *Id.* She further alleges that the shelter's staff spoke about her "personal conversations that should not have been known to them." *Id.* Additionally, Plaintiff alleges that her "[m]inor child was subjected to repeated verbal threats by an adult resident." *Id.* Plaintiff alleges that, when she "consulted staff," she "was made aware that this was happening because [she] participated in protected activity." *Id.* Plaintiff also alleges that "[n]o other resident was subjected to the 'concerted actions' [she] was subjected to." Compl., ECF No. 1-1, at 16.

According to Plaintiff's Complaint, in November 2020, she was accepted into OHS' "Rapid Re-Housing" program for assistance in obtaining housing. *See generally* Compl., ECF No. 1-1, at 17. She alleges the program required her to "go out and search for vacancies" but ultimately "only allowed for [her] to move into . . . one" apartment, which she did in March 2021. *Id.* The apartment's landlord was DMH Investments LLC. *Id.*; *see also id.* at 22–48 ("Security Deposit Addendum" signed by DMH Investments LLC).

---

[2] At least some of these allegations appear to be the same as those Plaintiff asserted in a previous civil rights action before this Court. *Compare Lewis-Davis v. PEC-Gloria's Place*, No. 21-cv-2180, ECF No. 8 at 3 (E.D. Pa. July 28, 2021) (memorandum opinion dismissing Plaintiff's *pro se* complaint for failure to state a claim, and describing allegations that shelter staff told Plaintiff "first you up here . . . now you down here, I see you, I see you"), *with* Compl., ECF No. 1-1, at 16 (alleging the same interaction); *compare also PEC-Gloria's Place*, ECF No. 8 at 7 (describing Plaintiff's allegations "that her electronic data was hacked or interfered with and improperly used to harass her and/or retaliate against her"), *with* Compl., ECF No. 1-1, at 8 (alleging that, while in the "homeless system during February 2019 until December 2021" Plaintiff experienced "orchestrated stalking harassment which include the wide use of technology including espionage applications").

Plaintiff alleges that she was a resident of this apartment from March 1, 2021, until January 1, 2022. Compl., ECF No. 1-1, at 17–18; *see also id.* at 6–8. During this time, according to Plaintiff, she had a number of negative interactions with the property manager, including the manager's attempts to enter the apartment after regular business hours, the manager's changing of the front gate's entry code without notifying Plaintiff, and the delay in repairing a water leak. *Id* at 6–7, 17–18. Plaintiff also alleges that she "located a Bluetooth listening device attached to the light fixture" in the apartment. *Id.* at 18. As a result of these interactions, Plaintiff alleges she was "constructively evicted" from the apartment. *Id.* at 6.

Plaintiff initiated this action in the Philadelphia Court of Common Pleas on March 29, 2022. Compl., ECF No. 1-1, at 2. Plaintiff's Complaint names two Defendants: (1) DMH Investments LLC, the landlord of the apartment in which she allegedly resided from March 2021 until January 2022; and (2) the City's Office of Homeless Services. *Id.* Plaintiff generally claims that the actions of DMH Investments LLC constructively evicted her, and seeks return of her security deposit, as well as compensation for "moving expenses and all rent paid during the course of occupancy," and "pain and suffering." Compl., ECF No. 1-1, at 7. As to the City, Plaintiff asserts, among other claims, a claim under 42 U.S.C. § 1983, contending that she was deprived of her federal constitutional rights, including her rights under the Equal Protection Clause of the Fourteenth Amendment. *See id.* at 15, 19. She seeks monetary damages as well as injunctive relief. *See id.* at 14, 18–19.

The City was served with Plaintiff's Complaint on July 18, 2022. *See* Affidavit of Service, ECF No. 1-2, at 2. It does not appear that Defendant DMH Investments LLC has been served. *See* Notice of Removal, ECF No. 1, ¶ 5. The City timely removed to this Court and now

3

moves to dismiss the Complaint as to the City in its entirety, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

While *pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 107 (1976), *pro se* litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## III. ARGUMENT

Plaintiff's Complaint should be dismissed as to the City[3] in its entirety, because it lacks nonconclusory allegations supporting Plaintiff's claims that the City violated her federal constitutional rights. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the

---

[3] While the Complaint names as a Defendant the City's Office of Homeless Services, because that office does not have a separate legal existence from the City itself, the City is the properly named Defendant. *See, e.g., Gremo v. Karlin*, 363 F. Supp. 2d 771, 780 (E.D. Pa. 2005).

4

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Moreover, in asserting a § 1983 claim against a municipality, such as the City, a Plaintiff must plausibly allege that the constitutional violation she suffered resulted from a municipal policy or custom that exhibits deliberate indifference to rights of citizens. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694–95 (1978).

Insofar as Plaintiff alleges that she was threatened or otherwise mistreated by other residents of the homeless shelter in which she resided between January 2020 and March 2021, she has not plausibly alleged that her constitutional rights were violated by persons acting under color of state law. And as to any actions on the part of employees of the City's Office of Homeless Services (none of whom are specifically named in the complaint), Plaintiff fails to allege facts supporting the occurrence of a constitutional violation, as well as facts supporting the conclusion that any such violation was the result of a City policy or custom under *Monell*.

As to the occurrence of any constitutional violation, Plaintiff's Complaint purports to set of a "class of one claim" under the Equal Protection Clause of the Fourteenth Amendment. *See* Compl., ECF No. 1-1, at 15 ("Class of One Claim – 1983 (Equal Protection)"). In order to state a class-of-one Equal Protection Clause claim, a "a plaintiff must allege that (1) the defendant treated h[er] differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006). Here, Plaintiff's Complaint only alleges in conclusory fashion that "no other resident was subjected to the 'concerted actions' [she] was subjected to." Compl., ECF No. 1-1, at 16. But she does not "allege the existence of similarly situated individuals," nor alleges facts that would permit a plausible inference that any City official intentionally treated

her differently without a rational basis for doing so. *Hill*, 455 F.3d at 239. Plaintiff alleges—again in conclusory fashion—that she "was made aware that this was happening because [she] participated in protected activity." Compl., ECF No. 1-1, at 16. Yet she does allege what the protected activity was, nor any facts that would allow a plausible inference that she was being treated differently than any other similarly situated individual on this basis.

Apart from the Complaint's invocation of equal protection, Plaintiff's Complaint lists other federal constitutional rights which she contends were violated: "First Amendment rights of freedom of religion, speech, and press; [F]ourth [A]mendment protections against searches and seizures; [F]ifth [A]mendment protection from self-incrimination; [E]ighth [A]mendment protection against cruel and unusual punishment; and [F]ourteenth [A]mendment protections against deprivations of life, liberty, or property without due process." Compl., ECF No. 1-1, at 19. But the Complaint contains no factual allegations supporting a plausible violation of any of these rights.

And even if Plaintiff had alleged a plausible violation of a constitutional right, the Complaint contains no factual allegations supporting the conclusion that such violation was the result of a City policy or custom under *Monell*. Plaintiff does not allege the existence of an official City policy related to the negative interactions she described having with the shelter's staff and other residents. Nor does Plaintiff allege any facts that would permit the conclusion that these interactions were the result of a custom on the part of City employees that is "so permanent and well-settled as to virtually constitute law." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013). In the absence of such factual allegations, Plaintiff cannot maintain an action against the City under § 1983. *See, e.g.*, *Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008) (holding that a complaint must contain "specific factual

allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom."). In sum, because Plaintiff's Complaint contains no factual allegations supporting the occurrence of a constitutional violation, or supporting municipal liability for such a violation under *Monell*, Plaintiff's § 1983 claim against the City must be dismissed.

Finally, to the extent that Plaintiff's Complaint can be read as asserting any claims against the City apart from claims under 42 U.S.C. § 1983, such claims also fail. For example, under the heading of "Negligence," Plaintiff's Complaint alleges that "OHS had a duty to provide a safe environment for families with children, free of violence," and that this duty was breached when the shelter's staff shared her personal information and used it "to torment [her] and her minor child." Compl., ECF No. 1-1, at 19. But the City and its employees are immune from such state-law negligence claims under the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8542(b) (waiving immunity for only nine discrete categories of negligence inapplicable to Plaintiff's allegations here).

Plaintiff invokes Title VII of the Civil Rights Act, *see* Compl., ECF No. 1-1, at 19, but that Act prohibiting employment discrimination is inapplicable here, *see* 42 U.S.C. § 2000e-2, where Plaintiff does not allege that she was an employee of the shelter or the City. Plaintiff likewise invokes the Fair Housing Act, prohibiting discrimination in the provision of certain services related to housing, *see* 42 U.S.C. § 3604, as well as other local, state, and federal anti-discrimination statutes, *see* Compl., ECF No. 1-1, at 19. But the Complaint alleges no facts supporting a plausible inference of discrimination on the part of the City. Likewise, while Plaintiff invokes a provision of the Pennsylvania Utility Service Tenants Rights Act, prohibiting retaliation against a person for exercising rights under the Act, *see id.* (citing 68 Pa. Stat. Ann.

7

§ 399.11), Plaintiff alleges no facts supporting a plausible inference of retaliation and, indeed, does not even specify what protected activity Plaintiff claims to have engaged in.

Plaintiff's Complaint invokes the "RICO Law," Compl., ECF No. 1-1, at 19, but the Complaint sets out no predicate acts of "racketeering" that would permit a civil action under the RICO statute. *See, e.g.*, *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232 (1989) And while the Complaint invokes a federal statute related to the interception of electronic communications, 18 U.S.C. §§ 2510, 2520, the Complaint contains no rational allegations that plausibly support the conclusion that the City was involved in any interception of Plaintiff's electronic communications, *see, e.g.*, *Lewis-Davis v. Baltimore Cnty. Pub. Sch. Infants & Toddlers Prog.*, No. 20-cv-423, 2021 WL 1720235, at *16 (D. Md. Apr. 30, 2021) (dismissing similar claim by Plaintiff and explaining that, "[a]t best, [she] ma[de] conclusory allegations that her communications were intercepted by use of certain software programs"). While Plaintiff alleges that she discovered a "bluetooth listening device attached to the light fixture" in her apartment, Compl., ECF No. 1-1, at 18, she alleges no facts that would plausibly support the conclusion that the City (or any other person or entity, for that matter) intentionally placed it there to intercept her communications.

## IV. CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Complaint in its entirety as to the City.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  |  |
|  | /s/ Adam R. Zurbriggen |
| Date: August 17, 2022 | Adam R. Zurbriggen |
|  | Deputy City Solicitor |
|  | Pa. Attorney ID No. 331169 |
|  | City of Philadelphia Law Department |
|  | 1515 Arch Street, 14th Floor |
|  | Philadelphia, PA 19102 |
|  | 215-683-5114 (Phone) |
|  | 215-683-5397 (Fax) |
|  | adam.zurbriggen@phila.gov |
|  |  |
|  | *Attorney for Defendant City of Philadelphia* |

# IN THE UNITED IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RACQUEL LEWIS,** : | |
| : | |
| **Plaintiff,** : | |
| v. : | **Civil Action No.** |
| : | **22-3207** |
| **DMH INVESTMENTS LLC and CITY OF PHILADELPHIA OFFICE OF HOMELESS SERVICES** : | |
| : | |
| **Defendants.** : | |
| : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the foregoing Motion to Dismiss For Failure to State a Claim, brought by Defendant City of Philadelphia, and Memorandum of Law in Support thereof, were filed and served on all counsel of record via the Court's electronic filing system and is available for viewing and downloading.

I further certify that on the date below I sent, via U.S. Mail, a copy of the foregoing to Plaintiff Racquel Lewis, at the following address, 30 Caleb Terrace, Wilmington, DE 19805.

/s/ *Adam R. Zurbriggen*
Adam R. Zurbriggen
Deputy City Solicitor
Pa. Attorney ID No. 331169
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114 (Phone)
215-683-5397 (Fax)
Date: August 17, 2022    adam.zurbriggen@phila.gov