IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACQUEL LEWIS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DMH  INVESTMENTS  LLC  AND | : | |
| CITY  OF  PHILADELPHIA  OFFICE | : | |
| OF HOMELESS SERVICES | : | NO.  22-3207 |

**MEMORANDUM**

**Padova, J.**                                    **February 22, 2023**

The Complaint in this action asserts claims against the City of Philadelphia Office of

Homeless Services ("OHS") pursuant to 42 U.S.C. § 1983 for violations of Racquel Lewis's civil

rights while she was a resident of a homeless shelter associated with the OHS.  The Complaint

also asserts state law claims against OHS and DMH Investments LLC ("DMH").  The claims

against DMH relate to the actions of its employees during the time in which Lewis rented an

apartment it managed.  The City of Philadelphia[1] (the "City") has filed a Motion to Dismiss the

claims against it.  Plaintiff has failed to file a response to the Motion.[2]  For the reasons stated

---

[1] While Lewis has named the OHS as a Defendant, that entity is a City agency and does not have a separate legal existence from the City.  Accordingly, we treat Lewis's claims against OHS as claims against the City.  See OVA 467 v. City of Phila #2, Civ. A. No. 22-2450, 2022 WL 3970633, at *3 (E.D. Pa. Aug. 31, 2022) (stating that "City agencies are not suable entities under § 1983 because they do not have a separate legal existence" (citing Vurimindi v. City of Philadelphia, Civ. A. No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (additional citations omitted)); see also 53 Pa. Stat. § 16257 (stating that "all suits growing out of . . . transactions [by City agencies] . . . shall be in the name of the city of Philadelphia").

[2] Plaintiff has not filed a response to the Motion to Dismiss.  Accordingly, we could grant the Motion as uncontested pursuant to Local Rule of Civil Procedure 7.1(c).  However, because Plaintiff is not represented by counsel, we have considered the Motion on the merits.  See Xenos v. Hawbecker, 441 F. App'x 128, 131 (3d Cir. 2011) (expressing "a preference for an assessment of the complaint on its merits" when plaintiff is not represented by counsel (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991))).

below, we grant the Motion to Dismiss as to Plaintiff's claims against the City with prejudice and remand her claims against DMH to the Court of Common Pleas of Philadelphia County.

## I.    BACKGROUND

### A.    The OHS

The Complaint alleges that Racquel Lewis and her minor child were residents of a homeless shelter associated with OHS from January 2020 until March 2021.  (Compl. (Docket No. 1-1) at 16 of 26.)  Early in her stay at the homeless shelter, Lewis had a multidisciplinary meeting where she was asked about triggers by three staff members (none of whom is identified by name in the Complaint).  (Id.)  A behavioral specialist, who was one of the three staff members in attendance, confirmed to Lewis that her experiences were "designed to make her 'insane.'"  (Id.)  Following this meeting, Lewis was "singled out – called names, weekend passes were prohibited, transportation passes were not received, furniture assistance was withheld, [and] staff spoke of content regarding [Lewis's] personal conversations that should not have been known to them . . . ."  (Id.)  In addition, her minor child was "subjected to repeated verbal threats by an adult resident" of the facility.  (Id.)  On one occasion, staff called law enforcement when Lewis engaged in protected activity, and the law enforcement officer disciplined her and dismissed the actions of another resident.  (Id.)  No other residents were treated in this manner. (Id.)

The Complaint asserts claims against the City pursuant to § 1983 for violations of the Constitution.  Specifically, the Complaint alleges that the City violated Lewis's right to equal protection and procedural due process under the 14th Amendment; her First Amendment rights of freedom of religion, speech, and press; her Fourth Amendment rights against searches and seizures; her Fifth Amendment right against self-incrimination; and her Eighth Amendment right

against cruel and unusual punishment.  (Id. at 15, 19 of 26.)  The Complaint also asserts claims against the City for violation of Title VII of the Civil Rights Act, the Racketeer Influenced and Corrupt Organizations Act, the Fair Housing Act, and the Federal Communications Act.  (Id. at 18-19 of 26.)  It is not clear whether the Complaint purports to assert claims against the City under local and state laws, but the Complaint mentions the City's Fair Practices Ordinance, Philadelphia Code § 9-1101 et seq., 68 Pa. Stat. § 397.11, and negligence in connection with OHS.  (Id. at 18-19 of 26.)  Lewis seeks damages of $1,000,000 from the City.  (Id. 18 of 26.)

      B.     DMH

The Complaint alleges that Lewis was accepted into the OHS's rapid rehousing program for assistance in obtaining housing in November 2020.  (Id. at 17 of 26.)  Under the program, she was required look for vacant apartments, after which an apartment was chosen for her.  (Id.) Lewis first viewed the apartment into which she eventually moved in January 2021 and moved into the apartment in March 2021.  (Id.)  The apartment was managed by DMH.  (Id. at 6 of 26.) DMH violated its lease agreement with Lewis and treated her improperly.

The Complaint appears to assert claims against DMH for negligence in trying to enter Lewis's apartment while her minor child was home alone and for violation of Lewis's privacy by installing a Bluetooth listening device in her apartment.  (Id. at 18 of 26.)  The Complaint also appears to assert a breach of contract claim against DMH for violating Lewis's lease agreement. (Id. at 7 of 26.)  Lewis moved out of the apartment on January 1, 2022 and seeks damages totaling $8,923.72 from DMH Investments.  (Id.)

Lewis filed this action in the Court of Common Pleas of Philadelphia County.  The City subsequently removed the action to this Court on the basis of federal question jurisdiction and

filed the instant Motion to Dismiss.  Lewis has not filed a response to the Motion to Dismiss.
DMH has not been served in this action.

## II.    LEGAL STANDARD

The City has moved to dismiss the Complaint for failure to state a claim upon which
relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  When deciding a
motion to dismiss pursuant to Rule 12(b)(6), we "'consider only the complaint, exhibits attached
to the complaint, [and] matters of public record, as well as undisputedly authentic documents if
the complainant's claims are based upon these documents.'"  Alpizar-Fallas v. Favero, 908 F.3d
910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  We
take the factual allegations of the complaint as true and "construe the complaint in the light most
favorable to the plaintiff."  Shorter v. United States, 12 F. 4th 366, 371 (3d Cir. 2021) (citing
Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  However, we "'are not
bound to accept as true a legal conclusion couched as a factual allegation.'"  Wood v. Moss, 572
U.S. 744, 755 n.5 (2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the
claim,'" which "'give[s] the defendant 'fair notice of what the . . . claim is and the grounds upon
which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in
original) (first quoting Fed. R. Civ. P. 8(a)(2); and then quoting Conley v. Gibson, 355 U.S. 41,
47 (1957).  The complaint must allege "'sufficient factual matter to show that the claim is
facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is
liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v.
UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a
'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  In the end, we will grant

a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint

are not sufficient "'to raise a right to relief above the speculative level.'"  Geness v. Admin. Off.

of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).  The instant

Complaint has been filed pro se.  "A document filed *pro se* is 'to be liberally construed,' and 'a

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting

Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (citing Fed. R. Civ. P. 8(f)).

## III.   DISCUSSION

### A.   Claims Against the City of Philadelphia

Lewis asserts her federal Constitutional law claims against the City pursuant to § 1983.

"Section 1983 provides remedies for deprivations of rights established in the Constitution or

federal laws.  It does not, by its own terms, create substantive rights."  Kaucher v. Cnty. of

Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote and citation omitted).  Thus, in order to state a

claim for relief under § 1983, "a plaintiff must demonstrate [that] the defendant, acting under

color of law, deprived . . . her of a right secured by the Constitution or the laws of the United

States."  Id. (citations omitted).  A municipality "may not be sued under § 1983 for an injury

inflicted solely by its employees or agents."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694

(1978).  Rather, when a § 1983 claim is asserted against a municipal entity, a plaintiff must

demonstrate that her constitutional deprivations were caused by an official policy or custom of

the municipal entity or by a failure by the municipal entity to train its employees.  Id.; Bd. of

Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 403-04 (1997); City of Canton v. Harris,

489 U.S. 378, 388-89 (1989).  A municipal policy is a "'statement, ordinance, regulation, or

decision officially adopted and promulgated by [a local governing] body's officers.'" Simmons

v. City of Philadelphia, 947 F.2d 1042, 1059 (3d Cir. 1991) (alteration in original) (quoting

Monell, 436 U.S. at 690.  A custom, on the other hand, "is an act 'that has not been formally

approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of

law.'"  Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003) (quoting Bryan

Cnty., 520 U.S. at 404).  "In either case, the policymaker, as defined under state law, must be

'responsible either for the policy or, through acquiescence, for the custom.'"  Baloga v. Pittston

Area Sch. Dist., 927 F.3d 742, 761 (3d Cir. 2019) (quoting Andrews v. City of Philadelphia, 895

F.2d 1469, 1480-81 (3d Cir. 1990)).

The City argues that we should dismiss the Complaint as against it because the Complaint

fails to include any nonconclusory allegations that it violated any of Lewis's federal rights and

because the Complaint fails to allege sufficient facts to plausibly allege claims for violations of

the Constitutional Amendments and federal statutes listed in the Complaint.  The City is correct

that the Complaint's allegations regarding violations of Lewis's federal Constitutional and

statutory rights are entirely conclusory.  In fact, for the most part, the Complaint merely lists

Constitutional Amendments and statutes that Lewis claims were violated and does not allege any

facts describing the manner in which those Constitutional Amendments and statutes were

allegedly violated by employees of the City.[3]  In addition, the Complaint wholly fails to allege

---

[3] To the extent that the Complaint does allege some facts with respect to Plaintiff's "class
of one" claim that OHS violated her Fourteenth Amendment right to equal protection, those
factual allegations are conclusory and fail to state a plausible claim for violation of Lewis's
rights under the equal protection clause.  In order to state a plausible "class of one" equal
protection claim, "a plaintiff must allege that (1) the defendant treated [her] differently from
others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational
basis for the difference in treatment."  Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir.
2006).  While the Complaint alleges that "[n]o other resident was subjected to the 'concerted
actions' [Lewis] was subjected to" (Compl. at 16 of 26), it does not describe those concerted

any facts that could demonstrate that the alleged violations of Lewis's federal Constitutional rights resulted from an official policy or custom of the City or from a failure by the City to train its employees.  Accordingly, we grant the Motion to Dismiss with respect to Lewis's federal law claims against the City.  Having reviewed the Complaint in its entirety, and having concluded that the Complaint utterly fails to allege a factual basis for Lewis's federal law clams against the City, we conclude that amendment would be futile and we dismiss Lewis's federal law claims with prejudice.[4]

This action was removed to this Court based on our federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Lewis asserted claims against the City that were based on federal law.  (See Notice of Removal (Docket No. 1) ¶¶ 6-7.)[5]  It is unclear whether the Complaint also purports to assert state law claims against the City, although, as we discussed above, the Complaint mentions negligence, the City's Fair Practices Ordinance, Philadelphia Code § 9-1101 et seq., and 68 Pa. Stat. § 397.11 in connection with OHS.  (See Compl. at 18-19 of 26.)  The allegations of Complaint with respect to negligence are entirely conclusory.  Moreover, even if the Complaint contained sufficient facts to allege a plausible negligence claim against the City,

---

actions, identify similarly situated individuals, or allege any facts from which we could infer that the City lacked a rational basis for its treatment of Lewis.  Indeed, "the failure to identify similarly situated persons dooms an equal-protection claim."  Stradford v. Sec'y Pa. Dep't of Corrs., 53 F. 4th 67, 74 (3d Cir. 2022) (citing Hill, 455 F.3d at 239); see also Hill, 455 F.3d at 239 (stating that the plaintiff's "class of one" equal protection "claim must fail because he does not allege the existence of similarly situated individuals" who were treated differently than the plaintiff (citation omitted)).  Thus, we conclude that the Complaint does not plausibly allege a "class of one" claim grounded on the Fourteenth Amendment right to equal protection.

[4] In cases involving pro se plaintiffs alleging violations of civil rights, "[i]f a complaint is vulnerable to dismissal for failure to state a claim, a District Court must grant the plaintiff leave to amend 'unless an amendment would be inequitable or futile.'"  Zanders v. Ferko, 389 F. App'x 88, 89 (3d Cir. 2010) (quoting Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

[5] We also note that, while Lewis filed this action in state court, the Complaint alleges that jurisdiction arises under 28 U.S.C. § 1331.  (See Compl. at 16 of 26.)

any such claim would be barred by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8542(b).  Thus, we conclude that the Complaint fails to allege a plausible negligence claim against the City.  Furthermore, the Complaint merely lists the Fair Practices Ordinance, Philadelphia Code § 9-1101 et seq., and 68 Pa. Stat. § 397.11.  The Complaint does not allege any facts from which we could infer a basis for claims under the Ordinance, Code § 9-1101 et seq. and 68 Pa. Stat. § 397.11 against the City.  Having concluded that the Complaint utterly fails to allege a factual basis for Lewis's state law clams against the City, we conclude that amendment would be futile and we dismiss Lewis's state law claims against the City with prejudice.

      B.     <u>Claims Against DMH</u>

The Complaint does not assert any federal law claims against DMH.  Rather, the Complaint only asserts state common law claims against DMH for negligence and breach of contract (i.e., Lewis's lease agreement).  (<u>See</u> Compl. at 6-7, 18 of 26.)

"'[F]ederal courts are courts of limited jurisdiction' and '[u]nder 28 U.S.C. § 1367, a prerequisite to the federal court's exercise of pendent jurisdiction over a plaintiff's state law claims is that at least one claim based on the court's original diversity or federal question jurisdiction is before the court.'"  <u>Burgos v. City of Philadelphia</u>, 439 F. Supp. 3d 470, 486 (E.D. Pa. 2020) (second alteration in original) (first quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); then quoting <u>Fleming v. Warren</u>, Civ. A. No. 19-2926, 2019 WL 5086962, at *6 (E.D. Pa. Oct. 10, 2019)).  "'It is well established that in an action with both federal and state claims, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'"  <u>Id.</u> (quoting <u>Chernavsky v. Twp. of Holmdel Police Dep't</u>, 136 F. App'x 507, 511 (3d Cir. 2005)) (citations omitted).  "Where a case has been removed from state

court to federal court on the basis of federal question jurisdiction, the United States Supreme Court has recognized that a district court retains the discretion to remand that matter back to state court when all federal law claims have been dropped or dismissed from the action and only pendant state law claims remain."   Whittaker v. CCIS N. of Philadelphia, Civ. A. No. 10-1095, 2010 WL 1644492, at *2 (E.D. Pa. Apr. 22, 2010) (citing Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)).  "In such circumstances, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in [federal] court involving pendent state-law claims.'"   Id. (quoting Carnegie-Mellon, 484 U.S. at 350).

Having considered judicial economy, convenience, fairness, and comity, we conclude that remanding Lewis's claims against DMH to state court is the most appropriate course in this case.  Lewis's "remaining claims involve interpretation of state tort . . . law and, as such, are best suited for resolution in a state forum."   Id. at *3.  In addition, since this case was removed to federal court, we have "heard no other motions than the present one, held no conference, and entered no scheduling order."   Id.   Furthermore, since Lewis has not responded to the instant motion to dismiss, we conclude that she has not engaged in forum-shopping.  Id. (concluding that plaintiff did not engage in forum shopping where "she never sought to substantively defend her federal cause of action [while] that claim was part of the litigation").

IV.    **CONCLUSION**

For the foregoing reasons, we dismiss all of the claims asserted in the Complaint against the City with prejudice and remand the pendent state law claims asserted against DMH to the Court of Common Pleas for Philadelphia County.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.